UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>               Plaintiff,<br><br>    v.<br><br>DON CHENTE INVESTMENTS, LLC, et al.<br><br>               Defendants. | Case No. 2:21-cv-00416-FLA (SKx)<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT [DKT. 26]** |

### RULING

Before the court is Plaintiff Orlando Garcia's ("Plaintiff" or "Garcia") Application for Default Judgment ("Application") against Defendants Don Chente Investments, LLC ("Don Chente") and Voa Inc. ("Voa") (collectively, "Defendants"). Dkt. 26 ("Appl."). No Oppositions to the Application were filed. On January 4, 2023, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for January 13, 2023. Dkt. 29; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reason discussed below, the Motion is GRANTED. The court awards Plaintiff $2,497 in attorney's fees and costs, and ORDERS Defendants to remove the

obstruction identified in the Complaint at 4108 Florence Ave., Bell, California (the "Property"), and provide unobstructed accessible parking in compliance with the Americans with Disabilities Act ("ADA").  *See* Dkt. 1 ("Compl.") ¶¶ 12-14.

# BACKGROUND

Plaintiff is a California resident with physical disabilities. Compl. ¶ 1.  He is a level C-5 paraplegic, suffers from Cerebral Palsy, and uses a wheelchair for mobility. *Id*.  Defendant Don Chente owns the real property located at or about the Property. *Id*. ¶¶ 2-3; Dkt. 26-7 (Ex. 5).  Defendant Voa owns El Pescador (the "Business"), a restaurant and business establishment open to the public, located on the Property. *Id*. ¶¶ 4-5, 11; Dkt. 26-7.  According to Plaintiff, he attempted to visit the Business in August 2020, and encountered barriers that denied Plaintiff full and equal access to the Business. *Id*. ¶¶ 10-23.  Specifically, Plaintiff alleges the Business failed to provide wheelchair accessible parking in compliance with the ADA, 42 U.S.C. § 12101 et seq. *Id*.  Plaintiff states he intends to return to the Business to avail himself of its goods and services, but is currently deterred from doing so because of his knowledge of the existing barriers. *Id.* ¶ 5.

Plaintiff filed the Complaint on January 15, 2021, alleging two causes of action for: (1) violation of the ADA, and (2) violation of the Unruh Civil Rights Act (Cal. Civ. Code §§ 51-53, the "Unruh Act"). *Id*. at 5-7.  Defendants have not appeared in the action and did not respond to the Complaint.

On February 19, 2021, and August 12, 2021, Plaintiff requested the Clerk of the court enter default against Defendants.  Dkts. 12, 16.  The Clerk of the court entered Voa's default on February 22, 2021, and Don Chente's default on August 13, 2021, pursuant to Fed. R. Civ. P. 55(a) ("Rule 55(a)").  Dkts. 13, 17.

On September 1, 2021, the court ordered Plaintiff to show cause ("OSC") why the court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.  Dkt. 19.  Plaintiff responded to the OSC on September 14, 2021.  Dkt. 21.  After reviewing Plaintiff's response, the court declined to exercise

supplemental jurisdiction over the Unruh Act claim and dismissed the claim without prejudice. Dkt. 22. Only the first cause of action for violation of the ADA remains.

On August 26, 2022, Plaintiff filed the present Application, seeking injunctive relief, reasonable attorney's fees, and litigation expenses. *See generally* Appl. Plaintiff served the Application on Defendants on August 26, 2022. Dkt. 26-13.

## **DISCUSSION**

### I.  **Procedural Requirements**

In this district, an application for a default judgment must be accompanied by a declaration in compliance with Rule 55(b)(1) and (2) and include the following:

(a) When and against what party the default was entered;

(b) The identification of the pleading to which default was entered;

(c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;

(d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and

(e) That notice has been served on the defaulting party, if required by [Rule] 55(b)(2).

Local Rule 55-1.

The instant Application and supporting materials state: (a) default was entered against Defendants on February 22, 2021, and August 13, 2021; (b) default was entered by a Clerk of the court on the operative Complaint; (c) Defendants are not minors or incompetent persons; (d) the Soldiers' and Sailors' Civil Relief Act of 1940 does not preclude default on this action; and (e) Defendants were served notice of the filing of the Summons and Complaint on January 27, 2021, and February 9, 2021. Dkt. 26-11 ("Zaman Decl.") ¶¶ 1, 4-5; Dkts. 8, 9, 13, 17. This is sufficient to satisfy the procedural requirements of Local Rule 55-1.

/ / /

/ / /

## II. Legal Standard

The Clerk of the court is authorized to enter a default judgment at a plaintiff's request against a defendant, who is neither a minor nor an incompetent person, without a court hearing or judicial action if the claim is for "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2).

Rule 55 gives the court considerable discretion as to what it may require as a prerequisite to the entry of a default judgment. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). "The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2) (paragraph breaks omitted).

"If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." *Id.* "'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *TeleVideo*, 826 F.2d at 917-18. However, facts which are not established by the pleadings or claims which are not well-pleaded cannot support a default judgment. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### III. Analysis of *Eitel* Factors

The court finds that the *Eitel* factors favor entering default judgment for Plaintiff on his ADA claim. With the exception of the strong policy favoring a decision on the merits, which is not dispositive, the *Eitel* factors weigh in favor of granting the Application.

#### 1. Possibility of Prejudice to Plaintiff

First, Plaintiff has established he will be prejudiced and deprived of the opportunity to obtain judicial resolution of his claims if the Application is not granted. Defendants have failed to appear and defend themselves in this action. Without entry of default judgment, Plaintiffs are likely to be without recourse due to Defendants' lack of response. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.") No other enforceable form of relief against Defendants exists at this stage of the proceedings and Plaintiff has already incurred expenses pursing his claim.

Thus, the first *Eitel* factor favors entry of default judgment.

#### 2. Merits of Plaintiff's ADA Claim and Sufficiency of the Complaint

The next two *Eitel* factors are (1) the merits of plaintiff's substantive claim, and (2) the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471-72. The Ninth Circuit has suggested these two factors require a plaintiff to "state a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

Title III of the ADA prohibits discrimination by public accommodations. *Karczewski v. DCH Mission Valley LLC*, 862 F.3d 1006, 1009 (9th Cir. 2017). "'Public accommodations must start by considering how their facilities are used by non-disabled guests and then take reasonable steps to provide disabled guests with a like experience.'" *Id*. Pursuant to 42 U.S.C. § 12182(a): "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of

public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

"To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010). In the context of existing facilities, discrimination includes "a failure to remove architectural barriers ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv); *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

"In addition, even if 'an entity can demonstrate that the removal of a barrier … is not readily achievable,' the entity is still liable under the ADA if it fails to 'make [its] goods, services, facilities, privileges, advantages, or accommodations available through alternative methods' so long as 'such methods are *readily achievable*.'" *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1034 (9th Cir. 2020) (quoting 42 U.S.C. § 12182(b)(2)(A)(v)) (emphasis and alterations in original). "The ADA defines the phrase 'readily achievable' as 'easily accomplishable and able to be carried out without much difficulty or expense.'" *Id.* (citing 42 U.S.C. § 12181(9)).

The court finds Plaintiff has stated a valid ADA claim. First, Plaintiff attests he suffers from Cerebral Palsy and has manual dexterity issues. Dkt. 26-4 ("Garcia Decl.") ¶ 1. He uses a wheelchair for mobility. *Id.* On the subject Application, Plaintiff's testimony is sufficient to establish he is disabled within the meaning of the ADA. *See TeleVideo*, 826 F.2d at 917-18.

Next, the Business qualifies as a public accommodation under 42 U.S.C. § 12181(7)(E). Plaintiff presents evidence that Defendants are the owners of the Business and the Property. Dkt. 26-7 (Ex. 5). This evidence is sufficient to establish Defendants own, lease, or operate a place of public accommodation within the

meaning of the ADA. *See Goddard*, 603 F.3d at 670.

Finally, Plaintiff has sufficiently alleged Defendants' discrimination because the Business does not comply with ADA Accessibility Guidelines ("ADAAG"), which the Department of Justice ("DOJ") promulgated in 1991 and revised in 2010. 36 C.F.R. § 1191.1(a); *Chapman*, 631 F.3d at 945 (citing 28 C.F.R. § 36.406(a) and 28 C.F.R. pt. 36, app. A). The Complaint alleges Defendants violated the ADA by failing to comply with provisions of both the 1991 and 2010 Standards in providing accessible parking. Compl. ¶¶ 12-16, 27-28; Garcia Decl. ¶¶ 3-5. At the time of Plaintiff's visit, outside dining and seating completely obstructed the marked parking space reserved for persons with disabilities and access aisle. Dkt. 26-1 ("Appl. Br.") at 6-7; Garcia Decl. ¶¶ 3-5; Dkt. 26-6 (Ex. 4, Photographs). According to Plaintiff, these barriers and conditions denied him full and equal access to the Business, and he would like to return when the Business is brought into compliance with the ADA. Garcia Decl. ¶ 6-8; Compl. ¶ 17-22.

Additionally, Plaintiff alleges that removal of these barriers would be readily achievable without much difficulty or expense. *Id.* ¶ 21; s*ee Lopez*, 974 F.3d at 1034 (citing 42 U.S.C. § 12182(b)(2)(A)(iv)-(v)). Plaintiff submitted photographs of the outdoor dining area covering the pre-existing accessible parking, depicting the violations. *See* Dkt. 26-6 (Ex. 4, Photographs). Considering Plaintiff's allegations and the evidence provided, the court finds Plaintiff has sufficiently met his initial burden to demonstrate that the removal of the identified barriers—of outside dining and seating—is readily achievable.

The second and third *Eitel* factors weigh in favor of entering default judgment.

**3. Sum of Money at Stake**

Next, the court considers "the amount of money at stake in relation to the seriousness of [the] [d]efendant's conduct." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002); *see also Eitel*, 782 F.2d at 1471-72.

/ / /

7

  The only monetary relief at issue is Plaintiff's request for $2,927 in reasonable attorney's fees and costs. *See* Appl. at 2; Dkt. 26-3 (Ex. 1, Handy Decl. and Billing Records). That amount, subject to the reductions stated below, is proportional to the harm alleged.

  The fourth *Eitel* factor, therefore, weighs in favor of entry of default judgment.

### 4. Possibility of Dispute

  The court may also consider whether there is a possibility of a dispute between the parties concerning material facts. *Eitel*, 782 F.2d at 1471-72. Here, Defendants never appeared in this action, although they were properly served. Nothing in the record before the court has raised a dispute of material fact. Plaintiff has adequately alleged disability discrimination in violation of the ADA. Plaintiff presented evidence substantiating his claims, including photographs depicting the violations, and his declaration elaborating on his being deterred, and his intent to return to the Business. Therefore, no factual disputes exist that would preclude the entry of default judgment.

  The fifth *Eitel* factor weighs in favor of entry of default judgment.

### 5. Possibility of Excusable Neglect

  Excusable neglect is unlikely when a defendant is properly served and, therefore, is aware of a plaintiff's pending action in court. *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). As it appears Defendants were properly served with copies of the Summons and Complaint in this action, there is no evidence of excusable neglect.

  The sixth *Eitel* factor is met and weighs in favor of entry of default judgment.

### 6. Policy Favoring Decisions on the Merits

  "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere enactment of Rule 55(b) indicates, however, that "this preference, standing alone, is not dispositive." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. The Defendants' intentional decision not to comply with the court's orders to participate in the lawsuit makes it impractical, if not impossible, for the court to render

a decision on the merits. Accordingly, while the final *Eitel* factor generally weighs against granting default judgment, the court finds this factor is neutral here.

### 7. Conclusion on *Eitel* Factors

In sum, six of the seven *Eitel* factors favor entering default judgment against Defendants, while the final factor, the policy favoring a determination on the merits, is neutral. *See Eitel*, 782 F.2d at 1471-72. The court, therefore, finds it appropriate to enter default judgment in Plaintiff's favor. The court now turns to the appropriateness of Plaintiff's requested relief.

## IV. Remedies

### 1. Injunctive Relief

To be entitled to injunctive relief under the ADA, Plaintiff must show that Defendants have violated the ADAAG. 42 U.S.C. § 12188(a)(2). "In the case of violations [of the accessibility provisions] of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." *Id.* "[I]njunctive relief is proper when architectural barriers at defendant's establishment violate the ADA and the removal of the barriers is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1015 (C.D. Cal. 2014).

As noted, Plaintiff has stated a lawful claim for disability discrimination under the ADA. Based on the photographs submitted, alterations required to bring the property into compliance appear to be limited and readily achievable. Additionally, Defendants own the Property and/or operate the Business, and therefore have the authority to remove the outdoor seating obstructing accessible parking. Accordingly, it is appropriate to grant injunctive relief compelling Defendants to remove the unlawful barriers such that the Business is readily accessible to and usable by individuals with disabilities.

/ / /

/ / /

### 2. Attorney's Fees and Costs

Plaintiff seeks an award of attorney's fees and costs of $2,927.00: $2,050.00 in fees and $877.00 in costs. Appl. at 2; Dkt. 26-3 (Ex. 1, Handy Decl. and Billing Records). The ADA permits a court "in its discretion" to award attorney's fees and costs to the "prevailing party." 42 U.S.C. § 12205. "For ADA ... cases, reasonable attorneys' fees are determined by reference to the lodestar method." *Lopez v. Macca Corp.*, Case No. 2:18-cv-02589-RSWL (Ex), 2018 WL 5310770, at *5 (C.D. Cal. Oct. 22, 2018) (citing *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152 (9th Cir. 2018)).

"[T]he lodestar amount is calculated by multiplying "the number of hours *reasonably* expended on the litigation by a *reasonable* hourly rate." *Vogel*, 893 F.3d at 1160 (emphasis in original). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The fee applicant bears the burden of submitting supporting evidence for the hours worked and rates claimed. *Hensley*, 461 U.S. at 433.

Plaintiff seeks a fee of $2,050.00, representing 6.8 hours of legal services rendered at the following hourly rates: $650 for Mark Potter and Russell Handy; $500 for Amanda Seabock; $400 for Faythe Gutierrez and Tehniat Zaman; $200 for Marcus Handy; and $100 for work performed by paralegals and assistants. Dkt. 26-3 (Ex. 1, Handy Decl. and Billing Records) at 8-10. Russell Handy attests to the experience and background of Plaintiff's counsel and paralegals to justify the billing rates. *Id.* at 3-5. However, the declaration does not include any information on timekeepers Amanda Seabock and Marcus Handy. *See id.* The court, therefore, exercises its discretion to exclude the hours billed by Amanda Seabock[1] and Marcus Handy in

---

[1] Additionally, Amanda Seabock's single billing entry of 0.10 hours, at $500 per hour, is unreasonable, as the description of "note re needs atty assignment" is not sufficient to justify the requested time nor hourly rate. *See* Dkt. 26-3 at 9.

10

calculating reasonable fees.

After considering the qualifications of the remaining attorneys who rendered legal services in this action, the itemized billing records detailing their time devoted to the action, and the commoditized nature of this type of litigation, the court concludes that Plaintiff's counsel's requested hourly rates are not reasonable. Several recent decisions by courts in this district, involving similar ADA claims by Plaintiff and his counsel, have awarded lower hourly rates than those requested for many of these specific attorneys. *E.g.*, *Garcia v. Mancora Peruvian Cuisine, Inc.*, Case No. 2:20-cv-02491-MWF (KSx), 2020 WL 6064010, at *3 (C.D. Cal August 20, 2020) ("[T]he Court will award an hourly rate of $425 for Mark Potter and Russell Handy, and $350 for . . . Faythe Gutierrez."); *Garcia v. Nouk*, Case No. 2:20-cv-02565-MWF (GJSx), 2020 WL 6064029, at *3 (C.D. Cal July 21, 2020) (same); *Garcia v. Mouannes*, Case No. 2:20-cv-02591-AB (AGRx), 2020 WL 6064024, at *5 (C.D. Cal. August 6, 2020) (setting fees at $425 per hour for Mark Potter and Russell Handy, and $400 per hour for Faythe Gutierrez); *Garcia v. Sanidodo, LLC*, Case No. 2:20-cv-02545-DMG (PVCx), 2020 WL 6064014, at *3 (C.D. Cal. July 31, 2020) ("The Court therefore concludes that the nature of the work required to litigate this action should reasonably generate hourly rates of $425 for Handy and Potter, . . . and $300 for Gutierrez.")

Having reviewed the submitted evidence and based on each attorney's background and legal experience, and the commoditized nature of the legal services performed, the court finds the following hourly rates are reasonable here: $450 for Mark Potter and Russell Handy; $400 for Faythe Gutierrez and Tehniat Zaman; and $100 for services performed by paralegals and legal assistants.

Next, the court finds the hours billed reasonable. Accordingly, the court has adjusted the hourly rates and applicable timekeepers as reflected in the table below:

/ / /

/ / /

/ / /

| Attorney Name | Hourly Rate | Hours Billed | Total Adjusted Fee |
|---|---|---|---|
| Mark Potter | $450 | 0.7 | $315 |
| Russell Handy | $450 | 0.1 | $45 |
| Faythe Gutierrez | $400 | 0.3 | $120 |
| Tehniat Zaman | $400 | 2.3 | $920 |
| Paralegals/Assistants | $100 | 2.2 | $220 |
| Total | | | $1,620 |

Plaintiff also seeks to recover $877.00 in costs, including $402.00 for the filing of the Complaint, $75.00 for service fees, and $400.00 for an investigator. Dkt. 26-3 (Ex. 1, Handy Decl. and Billing Records) at 9-10. Plaintiff's request for litigation costs is reasonable.

The court awards $1,620 in attorney's fees and $877 in costs.

## CONCLUSION

For the foregoing reasons, the court GRANTS IN PART Plaintiff's Application for Default Judgment. The court awards Plaintiff $2,497 in attorney's fees and costs, and ORDERS Defendants to remove the canopies and outside dining facilities at 4108 Florence Ave., Bell, California, as needed to provide unobstructed accessible parking in compliance with the ADA. Plaintiff shall file a Proposed Judgment within five (5) days of this Order.

IT IS SO ORDERED.

Dated: August 7, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge